UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

PRESTON D. CULPEPPER,

        Plaintiff,

Case No. 4:02-CV-106

v.

Hon. Richard Alan Enslen

LENNY ROTHROCK,

**ORDER**

        Defendant.
_____/

This matter is before the Court to determine three *in limine* motions brought by Plaintiff Preston D. Culpepper. The motions concern: (1) whether Defendant Lenny Rothrock will be permitted to submit evidence regarding Officer Dale Easton's arrest of Plaintiff; (2) whether Defendant will be permitted to submit evidence regarding Plaintiff's identification by Benjamin Tourney; and (3) whether Defendant will be permitted to present evidence of prior wrongdoing by Plaintiff. The motions have been answered and oral argument is unnecessary in light of the briefing.

It is the province of the district court under Federal Rule of Evidence 401 to exercise its discretion in determining the relevancy and admissibility of evidence. *See United States v. Seago*, 930 F.2d 482, 494 (6th Cir. 1991). Under Rule 401, the term "relevant evidence" is defined broadly to include any "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. As the commentators to the Rule point out, a witness's testimony need only establish "a brick" as opposed to a "wall" and not every "witness can make a home run." Fed. R. Evid. 401, 1972 advisory committee notes.

Under Federal Rule of Evidence 402, irrelevant evidence is inadmissible and relevant evidence is admissible except as otherwise provided by the Rules and other pertinent law.  Under Federal Rule of Evidence 403, relevant evidence may be excluded "if its probative value is substantially outweighed by danger of unfair prejudice . . . ."  Fed. R. Evid. 403.

On the Easton issue, Defendant admits in his response that Defendant Rothrock's "reasonable suspicion to detain Mr. Culpepper was not based on the actions of Officer Easton . . . ." (Resp., Dkt. No. 240, 2.)  Therefore, Defendant does not oppose the motion, provided though that Defendant reserves his right to present explanatory testimony should Plaintiff solicit testimony from Dale Easton at trial.  As such, this motion will be granted.

Defendant has filed a single response on the Tourney issue and prior wrongdoing issues which treats the two issues as related.  This Court earlier reasoned, prior to the first trial, that evidence of "other wrongs" by Plaintiff Culpepper was inadmissible. (Order of July 14, 2004, Dkt. No. 145.)  Defendant now argues that Plaintiff Culpepper's prior contacts with law enforcement be a permissible area of inquiry to testimony that Defendant could establish Plaintiff's identity, a Rule 404(b) exception.  The problem with this argument is that, although Rothrock might have known Culpepper in connection with prior law enforcement contacts, those contacts had nothing to do with the reason that Rothrock was detaining Culpepper on that day–a suspected assault within the neighborhood.  As such, the identity exception under Rule 404(b) does not apply to allow a description of Plaintiff's prior wrongdoing.  Nevertheless, because it appears from Defendant's briefing that Benjamin Tourney will testify that he informed officer Mark Boelcke that Preston Culpepper was one of his assailants and because Lenny Rothrock will apparently testify that the Tourney information was passed along to him before his detention of Culpepper, Rothrock will be

permitted to testify that he knew of Culpepper from prior contacts without specifying the nature or context of those contacts (to avoid any prejudicial inferences). While testimony concerning the information that was initially transferred between Tourney and Boelcke and onto Rothrock is highly relevant and admissible, testimony concerning the post-detention identification by Tourney will not be permitted because it cannot be used to justify the earlier detention and may mislead the jury.

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's Motion *in Limine* regarding Officer Easton's Actions (Dkt. No. 233) is **GRANTED** and the objection to such evidence is **SUSTAINED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion *in Limine* regarding Identification (Dkt. No. 231) is **GRANTED IN PART AND DENIED IN PART** in that the objection regarding Benjamin Tourney's post-detention identification of Plaintiff is **SUSTAINED**, but evidence concerning what Tourney told officer Boelcke and what information was passed along to Defendant Rothrock prior to Plaintiff's detention is **ALLOWED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion *in Limine* regarding Bad Acts (Dkt. No. 229) is **GRANTED IN PART AND DENIED IN PART** in that the objection regarding prior misconduct and other wrongs by Plaintiff is **SUSTAINED**, but evidence concerning that Defendant Rothrock knew Plaintiff because of prior contacts *simpliciter* is **ALLOWED**.

DATED in Kalamazoo, MI:  /s/ Richard Alan Enslen
February 13, 2007  RICHARD ALAN ENSLEN
SENIOR UNITED STATES DISTRICT JUDGE