UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

PRESTON D. CULPEPPER,

      Plaintiff,

Case No. 4:02-CV-106

v.

Hon. Richard Alan Enslen

LENNY ROTHROCK,

**ORDER**

      Defendant.

_____/

Plaintiff Preston D. Culpepper, through counsel, has requested rulings regarding the *de bene esse* deposition of Plaintiff's expert Michael Cosgrove. Plaintiff's Motion lists some 38 objections *seriatim* and requests specific rulings as to those objections. The Court's general impression of the objections is that many of the objections are proper because the questions by counsel are often poorly worded or seek the introduction of matters which are either irrelevant or likely to cause jury confusion. However, in the course of examining the deposition testimony, the Court has come to an even more important conclusion: namely, that Defendant's earlier objection to this expert testimony based upon the holding in *Berry v. City of Detroit*, 25 F.3d 1342, 1353 (6th Cir. 1994) should now be sustained because the focus of the testimony is now narrower than during the first trial and because the expert's testimony on the remaining narrow issue would not assist the jurors in deciding questions of fact and would likely cause juror confusion.

It is the province of the District Court under Federal Rule of Evidence 401 to exercise its discretion in determining the relevancy and admissibility of evidence. *See United States v. Seago*, 930 F.2d 482, 494 (6th Cir. 1991). Under Rule 401, the term "relevant evidence" is defined broadly

to include any "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.

Under Federal Rule of Evidence 402, irrelevant evidence is inadmissible and relevant evidence is admissible except as otherwise provided by the Rules and other pertinent law. Federal Rule of Evidence 403 states that relevant evidence may be excluded "if its probative value is substantially outweighed by danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time or needless presentation of cumulative evidence." Fed. R. Evid. 403.

Federal Rules of Evidence 701 through 705 control the subject of expert evidence. Generally, the admission of expert evidence is limited to instances in which "scientific, technical or other specialized knowledge [would] assist the trier of fact to understand the evidence or determine a fact in issue . . . ." Fed. R. Evid. 702. Thus, while expert testimony may embrace an ultimate issue under Rule 704, it must do so by factual conclusions supporting findings as to ultimate issues as opposed to bland conclusions on the ultimate issues themselves. *See Berry*, 25 F.3d at 1353.

An examination of Mr. Cosgrove's testimony shows that the testimony is now directed to providing a narrow legal conclusion on an ultimate issue of fact--whether Defendant Rothrock had "reasonable suspicion" to detain Plaintiff Culpepper at the time of Culpepper's detention. (*See* Cosgrove Dep. 4, 6.) Cosgrove's testimony is not based upon technical or specialized knowledge that would assist the jury. Rather, it is based upon the basic testimony of the parties and the Sixth Circuit's legal interpretations of *Terry v. Ohio*, 392 U.S. 1, 21-22 (1968). (*See* Cosgrove Dep. 10-13.) Although Mr. Cosgrove's legal interpretations may well prove correct, those interpretations

are not helpful to the jury and are not within the ken of proper expert testimony. Therefore, in order to fulfill the gatekeeping role mandated by Rule 702 and in such opinions as *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 590-97 (1993), *Berry* and *Thomas v. City of Chattanooga*, 398 F.3d 426, 432 (6th Cir. 2005), the whole of the deposition testimony will be excluded.

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's Motion *in Limine* to Rule on Objections During the Video Deposition of Michael Cosgrove (Dkt. No. 249) is **GRANTED IN PART AND DENIED IN PART.**

**IT IS FURTHER ORDERED** that the whole of the deposition testimony of Michael Cosgrove is **EXCLUDED** from testimony at the forthcoming trial pursuant to Federal Rules of Evidence 403 and 702.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>February 15, 2007 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |