UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF MICHIGAN

PRESTON D. CULPEPPER,

        Plaintiff,

vs.

        Case No. 02-CV-106

        HON. GEORGE CARAM STEEH
        EASTERN DISTRICT OF MICHIGAN

LEONARD ROTHROCK,

        Defendant.

_____/

ORDER DENYING PLAINTIFF'S MOTION TO CONTINUE TRIAL AND PLAINTIFF'S OBJECTION TO TRIAL BEING HELD IN GRAND RAPIDS, MICHIGAN

    Before the court are two requests made by the plaintiff in this matter. The first is his motion to continue trial, scheduled to begin on June 12, 2007 in the Grand Rapids, Michigan courthouse for the Western District of Michigan. Plaintiff gives two reasons for the request: first, that he is currently in the custody of the Michigan Department of Corrections, with an projected parole date of January 24, 2008, and second, that his mother, a material witness for trial, cannot travel from Kentucky to Michigan for trial at the scheduled time.

    This motion will be denied. As plaintiff concedes, his presence at trial could be secured despite his incarceration. Regarding the witness, plaintiff makes only the cursory statement that his mother would not be "available" on June 12 or 13 to travel from Louisville to Michigan. The court notes that the possibility of video testimony exists

as to either witness.  Plaintiff has simply not demonstrated cause to further delay the trial of this matter.

Plaintiff's second request concerns the location of the trial.  He has filed his "objection to trial being held in Grand Rapids, Michigan," in which he requests a change of place of holding trial.  He asserts that only one county in the Grand Rapids pool has a significant African American population, whereas five counties in the Kalamazoo pool have one or more cities with significant African American populations.  He does not argue that prospective jurors in Grand Rapids would not represent a fair cross-section of the community, see Duren v. Missouri, 439 U.S. 357 (1979), but states that plaintiff, who is African American, "desires to have a jury of his peers and is more likely to receive a more diverse panel of prospective jurors from the Southern Division at Kalamazoo rather than the Southern Division at Grand Rapids."

Defendant opposes this request, contending plaintiff "does not have a right to jurors from particular counties within a division."  Defendant cites to Morris v. Doan, 829 F.2d 39 (6th Cir. 1987), for this proposition.  The court agrees.  The Western District's direction to this court was that time and space was available for holding court in the Grand Rapids courthouse, and the trial was scheduled accordingly.  The Western District's Juror Selection Plan, approved by a Sixth Circuit panel, was adopted pursuant to The Jury Service and Selection Act of 1968, 28 U.S.C. § 1861 et seq.  As stated in that act, "all litigants in Federal court entitled to trial by jury shall have the right to grand and petit juries selected at random from a fair cross section of the community in the district or division wherein the court convenes."  28 U.S.C. §1861.  Plaintiff does not argue this provision will be violated here, and has not pointed to any authorities in

2

support of his suggestion that he will not have a "jury of his peers" in Grand Rapids. The court will not change the location of the trial, to be held in Grand Rapids, Michigan, commencing June 12, 2007.

    Plaintiff's requests are, accordingly, DENIED.

    IT IS SO ORDERED.


Dated:  April 20, 2007

                                      S/George Caram Steeh
                                      GEORGE CARAM STEEH
                                      UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
April 20, 2007, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk